UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Karyl Clarke, | Case No. 2:24-cv-01047-CDS-BNW |
| Plaintiff, | |
| v. | ORDER |
| City of Las Vegas, et al., | |
| Defendants. | |

Plaintiff has filed three motions: (1) Motion to Vacate Order of Dismissal, (2) Motion to Clarify Order of Dismissal, and (3) Motion to Request Extension of Time to Respond to Any Unidentified Motion to Dismiss or Summary Judgment. ECF Nos. 30-31. Defendants responded. ECF No. 33. No reply is necessary for a proper resolution of these motions.

**I.    Motion to Vacate Order of Dismissal/ Motion to Clarify Order of Dismissal**

On March 17, 2025, this Court screened Plaintiff's amended complaint and issued an Order and Report and Recommendation. ECF No. 16. The deadline to object was March 31, 2025. *Id*. No objections were filed. As a result, the Order and Report and Recommendation was adopted in full. ECF No. 21. In turn, the following—**and only the following**—claims have been dismissed and are no longer part of this case:

- Claim 1 (Fourth Amendment unlawful seizure), Claim 2 (Fourth Amendment false arrest), Claim 3 (Fourth Amendment excessive force), and Claim 4 (Fourth Amendment unreasonable search) as to defendants Sergeant Steven Wiest and Officer F. del Toro, in their official capacity, are dismissed with prejudice.
- Claim 10 (violation of 42 U.S.C. § 1983 by neglecting to prevent harm) is dismissed without leave to amend.
- Claim 11 (violation of § 1983 conspiracy) as to the City of North Las Vegas and the North Las Vegas Police Department is dismissed without leave to amend.

- Claim 12 (violation of § 1983 federal civil rights) and Claim 13 (violation of § 1983 peace officer liability) as to defendants Sergeant Steven Wiest and Officer F. del Toro are dismissed without leave to amend.
- Claim 15 (violation of § 1983 municipal liability) is dismissed without leave to Amend.

*Id*. In addition, the Order and Report and Recommendation also ordered that certain claims be dismissed with leave to amend. *Id*. Plaintiff had until April 17, 2025. ECF No. 16. Plaintiff did not file an amended complaint. Thus, the only claims that are moving forward are:

- Claim 1 (unlawful seizure under 42 U.S.C. § 1983) against Officers Wiese and Del Toro in their individual capacities;
- Claim 2 (false arrest under 42 U.S.C. § 1983) against Officers Wiese and Del Toro in their individual capacities;
- Claim 4 (unreasonable search under 42 U.S.C. § 1983) against Officers Wiese and Del Toro in their individual capacities;
- Claim 5 (assault) against Officer Wiese, Officer Del Toro, the City of North Las Vegas, and the North Las Vegas Police Department;
- Claim 6 (battery) against Officer Wiese, Officer Del Toro, the City of North Las Vegas, and the North Las Vegas Police Department;
- Claim 7 (intentional infliction of emotional distress) against Officer Arundel, Officer Gaspardi, Officer Salkoff, Officer Wiese, Officer Del Toro, the City of North Las Vegas, and the North Las Vegas Police Department;
- Claim 9 (negligence) against the City of North Las Vegas, and the North Las Vegas Police Department; and
- Claim 14 (violation of equal protection under 42 U.S.C. § 1983) against Officers Arundel, Gaspardi, and Salkoff in their individual capacities.

Plaintiff is under the impression that the district judge's order dismissed *all* claims. But that is incorrect. ECF No. 21. Defendants' dispositive motion is only targeting the claims (immediately above) that are moving forward. ECF No. 20. As a result, the motion to vacate (ECF No. 30) is **DENIED** and the motion to clarify (ECF No. 31) is **GRANTED**.

## II. Motion to Request Extension of Time to Respond to Any Unidentified or Unidentified Motion to Dismiss or Summary Judgment

Plaintiff moves to extend the deadline by which to respond to Defendants' dispositive motion. In essence, he argues he did not know about this motion as he did not receive it. He explains he only found out about it when Defendants filed their notice of non-opposition. Defendants oppose the request by arguing there is no excusable neglect or good cause for an extension.

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed should "normally. . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id*. (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Moreover, pursuant to Local Rule 26-3, any request made after this 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.*"*

*Ahanchian*, 624 F.3d at 1261. Importantly, Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Id*. at 1258–59.

This Court finds Plaintiff has met the excusable neglect standard. An extension of the deadline will not prejudice Defendants. Having to litigate a motion on their merits is not prejudice. And, while Defendants correctly point out that there are a number of docket filings indicating the deadline for the response, the Ninth Circuit instructs that this standard be construed with sufficient liberality as to allow for cases to be tried on their merits. *Id*. In addition, there has not been an enormous amount of delay. The motion to dismiss was filed on May 14, 2025 and Plaintiff brought this to the Court's attention four weeks after the motion to dismiss was filed (which he claims he did not receive) and one week after notice of non-opposition was filed (which he did receive). Moreover, the new deadline that will be imposed—July 10, 2025—will not impact the length of the proceedings in any significant way. While this Court is a little troubled with the proffered reasons for not timely fling a response, this Court will give Plaintiff the benefit of the doubt as a one-time courtesy and assume Plaintiff did not know that a dispositive motion was filed until after Defendants filed the notice of non-opposition. Ultimately, this Court will not assume bad faith at this juncture.

Given the above and that this Court takes Plaintiff at his word that he did not know about the dispositive motion until the notice of non-opposition was filed, this Court also finds Plaintiff was diligent.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Vacate Order of Dismissal (ECF No. 30) is **DENIED** as the district judge never dismissed all the claims.

**IT IS FURTHER ORDERED** that the Motion to Clarify Order of Dismissal (ECF No. 31) is **GRANTED** as stated above.

**IT IS FURTHER ORDERED** that the Motion to Request Extension of Time to Respond to Any Unidentified Motion to Dismiss or Summary Judgment (ECF NO. 32) is **GRANTED.** <u>**The response to Defendants' dispositive motion is due July 10, 2025.**</u>

**IT IS FURTHER ORDERED** that the Clerk of Court shall kindly mail a copy of this order and ECF No. 20 to Plaintiff.

DATED this 26th day of June 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE