UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Karyl Clarke, | Case No. 2:24-cv-01047-CDS-BNW |
| Plaintiff, | |
| v. | ORDER and REPORT AND RECOMMENDATION |
| City of North Las Vegas, et al., | |
| Defendants. | |

Before this Court is Plaintiff's motion to amend his first amended complaint. ECF No. 38. Defendants opposed and Plaintiff replied. ECF Nos. 40, 41. In addition, Plaintiff filed a (second) motion renewing his motion to amend, which Defendants also opposed. EXCF Nos. 45, 49. Lastly, Plaintiff filed a motion to re-open discovery, which Defendants opposed. ECF Nos. 46, 50. For the reasons discussed below, this Court will recommend that Plaintiff's motions to amend at ECF Nos. 38 and 45 be denied. In addition, this Court denies the request to re-open discovery at ECF No. 46. The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to its order.

**I.    Background**

This Court screened Plaintiff's complaints twice. In its first screening order, this Court found Plaintiff had sufficiently alleged facts to state a Fourth Amendment False Arrest claim under 42 U.S.C. § 1983 against Doe defendants and gave Plaintiff 45 days to conduct discovery regarding their identities. In addition, this Court recommended that the remaining claims and defendants be dismissed with leave to ammend.

Plaintiff filed a first amended complaint, which this Court also screened. ECF No. 11, 16. In its second screening order, this Court found Plaintiff had sufficiently alleged facts to state (1) an Unlawful Seizure claim under 42 U.S.C. § 1983 against defendants Wiest and Del Toro, (2) a False Arrest claim under 42 U.S.C. § 1983 against defendants Wiest and Del Toro, (3) an Unreasonable Search claim under 42 U.S.C. § 1983 against defendants Wiest and Del Toro, (4)

an Assault claim against defendants Wiest and Del Toro, the City of North Las Vegas, and the NLVPD, (6) a Battery claim against defendants Wiest and Del Toro, the City of North Las Vegas, and the NLVPD, (7) an Intentional Infliction of Emotional Distress claim against Defendants City of North Las Vegas, the NLVPD, Officer Arundel, Officer Gustpardi, Officer Salkoff, Officer Wiest and Officer Del Toro, (8) a Negligence claim against Defendants City of North Las Vegas and the NLVPD, (9) a § 1983 Peace Officer Liability claim against Defendants Arundel, Gustpardi, and Salkoff. ECF No. 16. This Court dismissed several claims and defendants with leave to amend and recommended the dismissal of certain claims and defendants with prejudice or without leave to amend. *Id*. Lastly, this Court gave Plaintiff until April 17, 2025, to amend his complaint to cure the deficiencies identified in the Order and Report and Recommendation. *Id*. The district court adopted the Report and Recommendation. ECF No. 21.

On July 14, 2025, Plaintiff filed the instant motion seeking to amend his complaint. Of note, the proposed amended complaint seeks to (1) maintain certain claims asserted in his first amended complaint, (2) add claims and defendants which were not part of his original or first amended complaint, (3) and dismiss certain claims asserted in his first amended complaint.[1]

**II.    Analysis**

    **A.  Motions to Amend**

Rule 15(a)(1) states that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend— bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the

---

[1] Given this Court is recommending that Plaintiff's motion to amend be denied, the operative complaint continues to be his first amended complaint at ECF No. 11. Should the district court adopt this recommendation and deny amendment, it is not clear which claims plaintiff wishes to dismiss from his operative complaint. As a result, should plaintiff wish to dismiss certain claims in his first amended complaint, he must file a new motion.

plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Here, Plaintiff has not demonstrated good cause for his late motion to amend. The deadline to amend pleadings was April 17, 2025. *See* ECF No. 16. Plaintiff waited until July 14, 2025, to move to amend his complaint.[2] [3] ECF No. 38. Plaintiff has not provided any information from which this Court can conclude he was diligent in moving to amend.

Accordingly, on the record before it, this Court cannot conclude that Plaintiff was diligent in moving to amend his complaint. As such, the Court's inquiry ends. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (if the party was not diligent, "the inquiry should end."); *Mammoth Recreations*, 975 F.2d at 609 (same).

---

[2] Of note, in addition to filing his motion after the court-imposed deadline, the motion was also filed more than 21 days after Defendants filed their motion to dismiss.

[3] This Court also notes that the renewed motion to amend does not address good cause either.

### B. Motion to re-open discovery

A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The party seeking modification of the scheduling order bears the burden of establishing diligence." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2011) (citing *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

When a request for relief from a case management deadline is made after that deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); see also Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *DMSI, LLC*, 871 F.3d at 765.

The deadline to complete discovery was October 10, 2025. ECF No. 36. The instant motion was filed on November 18, 2025. First, Plaintiff has not addressed excusable neglect. On that basis alone, his motion is denied. Moreover, his argument appears to be that there is good cause to re-open discovery because the district judge has not yet ruled on Defendants' motion for summary judgment. But the motion for summary judgment was not filed until *after* the discovery deadline. In addition, Defendants represent (and Plaintiff does not contest) that Plaintiff did not comply with his initial disclosure obligations. Thus, is it hard to see how Plaintiff could meet the good cause standard.

### III. Conclusion and Recommendation

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 38) and his renewed motion to amend (ECF No. 45) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to reopen discovery (ECF No. 46) is **DENIED**.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 19, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE