UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Karyl Clarke, | Case No. 2:24-cv-01047-CDS-BNW |
| Plaintiff | **Order Granting the Motion to Amend Complaint, Denying as Moot the Motion to Dismiss, Denying the Motion for Summary Judgment, and Granting the Motions to Reopen Discovery** |
| v. | |
| City of North Las Vegas, et al., | |
| Defendants | [ECF Nos. 20, 38, 42, 45, 46] |

Plaintiff Karyl Clarke brings this civil rights action against the City of North Las Vegas, the North Las Vegas Police Department, and various city officials. *See* Am. compl., ECF No. 11. In May 2025, the defendants filed a motion to dismiss Clarke's first complaint. Mot. dismiss, ECF No. 20. A few months later, Clarke filed a motion to amend his complaint in order to remove thirteen of his claims, correct the complaint's deficiencies, insert defendants who were described but not named in the first amended complaint, and provide proper service and notice to those individuals in the lawsuit. Mot. to amend, ECF No. 38. Since then, the defendants have moved for summary judgment, and Clarke has filed two motions renewing his request for leave to amend and asking this court to reopen discovery. *See* Mot. summ. j., ECF No. 42; Mots. reopen discovery, ECF Nos. 45, 46. For the reasons set forth herein, I grant Clarke's motions, deny as moot the defendants' motion to dismiss, and deny without prejudice the defendants' motion for summary judgment.

I.      Discussion

Under Rule 15(a), "court[s] should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (citation omitted). "Leave to

amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (citing *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Clarke moves to amend his complaint to correct the deficiencies and remove thirteen of his claims. ECF No. 38 at 2. Upon review of the *Gabrielson* factors, I find Clarke's proposed amendment is warranted.

*First*, granting Clark leave to amend would not cause undue delay. This is because Clarke seeks to remove thirteen of his claims, which would dramatically narrow the scope of this litigation. Though granting leave to amend would push back other case deadlines, this delay is nominal compared to the time saved by shedding thirteen claims.

*Second*, there is no indication that Clarke seeks leave to amend in bad faith or for dilatory reasons. Rather, his motivations appear to be aligned with judicial economy: he seeks to insert defendants who were described but not named in the complaint, correct the complaint's deficiencies, remove futile claims, and provide proper service and notice of the lawsuit. ECF No. 38 at 4.

*Third*, the factor of prejudice to the opponent is at least neutral here. I recognize that the defendants have a pending motion for summary judgment and that granting Clarke leave to amend will delay this case's deadlines. But this prejudice is neutralized by the proposed amendment's benefits—including clarity as to the litigants' identities, service and notice to those individuals. Further, the proposed amendment does not seek to add new claims; it merely seeks to drop thirteen of the existing claims. Thus, the risk of prejudice to the defendants is a neutral factor here.

*Fourth*, Clarke's proposed amendment would not be futile. Rather, it would increase clarity, provide proper notice, and streamline the case.

Because all four *Gabrielson* factors support Clarke's proposed amendment, I grant his motion for leave to amend. As such, the defendants' motion to dismiss is mooted and dismissed accordingly. Further, the granting of Clarke's motion to amend presents good cause for granting his motions to reopen discovery, *see* Fed. R. Civ. P. 16(b)(4), so those motions are granted as well. And because the defendants' motion for summary judgment is based on Clarke's failure to make disclosures related to discovery, I also deny that motion without prejudice.

**II. Conclusion**

IT IS THEREFORE ORDERED that the plaintiff's motion to amend **[ECF No. 38] is granted**. Clarke's second amended complaint is due by March 17, 2026. Failure to amend by that date will result in dismissal without prejudice and without further advance notice.

IT IS FURTHER ORDERED that the defendants' motion to dismiss **[ECF No. 20] is denied as moot**.

IT IS FURTHER ORDERED that the plaintiff's motions to reopen discovery **[ECF Nos. 45, 46] are granted**. Within 14 days of the filing of Clarke's second amended complaint, the parties must meet and confer to compose a scheduling order reopening discovery and setting new case deadlines to allow for its completion. A proposed modified scheduled must be filed within 21 days.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment **[ECF No. 42] is denied without prejudice**.

Dated: February 23, 2026

_____
Cristina D. Silva
United States District Judge

3