UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Karyl Clarke,

Plaintiff

v.

City of North Las Vegas, et al.,

Defendants

Case No. 2:24-cv-01047-CDS-BNW

**Order Granting Plaintiff's Motion to Amend Complaint and Denying as Moot Defendants' Motion to Dismiss the Second Amended Complaint**

[ECF Nos. 57, 59]

Plaintiff Karyl Clarke brings this civil rights action against the City of North Las Vegas, the North Las Vegas Police Department, and various city officials. On February 23, 2026, U.S. Magistrate Judge Nancy J. Koppe granted Clarke's motion to amend the complaint. *See* ECF No. 55. Clarke was ordered to file a second amended complaint (SAC) by March 17, 2026. *Id.* Clarke timely complied, filing the SAC on March 15, 2026. SAC, ECF No. 56. Thereafter, the defendants filed a motion to dismiss the SAC, arguing that it was exactly the same as the first complaint with the exception of two new paragraphs. Mot. dismiss, ECF No. 57. Clarke filed an opposition, ECF No. 60, and also filed a motion to amend, ECF No. 59. The defendants oppose the motion to amend, arguing that the proposed third amended complaint (TAC) is futile because it does not cure the complaint's deficiencies and instead seeks to add new claims and new defendants. *See* Opp'n, ECF No. 64. The motions are fully briefed. *See* Defs.' Reply, ECF No. 65.[1] For the reasons set forth herein, I grant Clarke's motion to amend and deny as moot the defendants' motion to dismiss.

[1] Clarke did not file a reply to his motion to amend.

## I. Discussion

As noted in my prior order denying the motion to dismiss the first amendment complaint,

> Rule 15 of the Federal Rules of Civil Procedure generally governs the amendment and supplementation of pleadings. Concerning motions to amend before trial that are not a matter of course, Rule 15 permits amendment "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If the opposing party does not consent to an amendment, "[t]he court should freely give leave when justice so requires." *Id.* This standard favors amendment and should courts are directed to apply it "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

Order, ECF No. 55 at 1–2. As further explained, the court applies five factors to determine if amendment is appropriate: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Id.* at 1–3 (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)). In weighing these factors, the court should give the most weight to the factor considering prejudice—i.e., factor three. *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Further, the district court may also consider whether the party seeking an amendment under Rule 15 is a pro se litigant. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (explaining the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant" (citations omitted)).

Here, Rule 15 and the *Gabrielson* factors weigh in the favor of granting Clarke's motion to amend. Further, at this stage of the litigation, granting Clark leave to amend would not cause undue delay because it gives him an opportunity to file what he claims to be a corrected version of the SAC, which he was already granted leave to file. *See* ECF No. 55. Moreover, the motion to amend was filed before the scheduling and discovery order was entered, ECF No. 68, so Rule 15(a)'s liberality standard applies.[2] Second, while the court is concerned that in his prior motion

[2] Clarke is reminded that because a scheduling and discovery order was entered, the standard for any future requests for amendment is now good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609

to amend, Clarke represented he would be deleting 13 claims, *see* ECF No. 38 at 4, and then failed to do so, this does not amount to bad faith or suggest dilatory reasons for amending. Third, the factor of prejudice to the opponent is at worst neutral here, but it militates towards favoring amendment. I recognize that the defendants seek to dismiss the operative complaint, and permitting amendment would require yet another motion, but this prejudice is outweighed by Rule 15(a)'s interests of justice standard. Thus, the risk of prejudice to the defendants is a neutral factor here. The fourth factor is also neutral. Clarke's third proposed amendment does not appear futile because it will provide additional allegations which clarify the allegations against the defendants. But as already noted, it will require defendants to file yet another motion to dismiss the complaint. So this factor is neutral.

Because two of the four *Gabrielson* factors support Clarke's proposed amendment, and a third militates in favor of permitting amendment, I grant Clarke's motion for leave to amend. The defendants' motion to dismiss the SAC is moot and dismissed accordingly.

## II. Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion to amend **[ECF No. 59] is granted.**

IT IS FURTHER ORDERED that the defendants' motion to dismiss the second amended complaint **[ECF No. 57] is denied as moot.**

The Clerk of Court is kindly directed to detach and file Clarke's third amended complaint [ECF No. 59-1].

Dated: July 17, 2026

Cristina D. Silva
United States District Judge

---

(9th Cir. 1992) (explaining that if a motion to amend is filed after the deadline for amendment has passed, the motion may be granted only if the plaintiff shows good cause for the delay under Rule 16(b)).